**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT L. JENKINS, #38083** | **PETITIONER** |
| **VERSUS** | **CIVIL ACTION NO.:1:09cv806-HSO-JMR** |
| **STATE OF MISSISSIPPI and** | |
| **MELVIN BRISOLARA, Sheriff** | **RESPONDENTS** |

**REPORT & RECOMMENDATION**

This matter is before the Court pursuant to Respondents' Motion [8-1] to Dismiss for Failure to State a Claim, which was filed on February 8, 2010. Petitioner, Robert L. Jenkins, filed a Response [13-1] in Opposition on April 1, 2010. Having considered the Respondents' Motion [8-1], along with all the pleadings and the applicable law, this Court finds that Respondents' Motion [8-1] is well-taken and should be granted. Accordingly, Jenkins' petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

At the time Petitioner, Robert L. Jenkins, ("Jenkins") filed the instant petition for writ of *habeas corpus*, he was incarcerated within the Mississippi Department of Corrections having been previously convicted of an unrelated possession of cocaine charge. Jenkins brings the present petition based on charges currently pending in the Circuit Court of Harrison County, Second Judicial District. On or about February 25, 2008, Plaintiff was arrested on the charges of Armed Robbery, Sexual Battery, and Kidnaping.[1] (*See* Ex. "C" Attach. Mot. [8-2] Dismiss.) On March 16, 2009, the

---

[1] The Court notes that at the time of Plaintiff's arrest for Armed Robbery, Sexual Battery, and Kidnaping, Plaintiff also had a pending possession of cocaine charge in Harrison County Circuit Court Cause Number B2402-2008-18 which was at issue in a previously filed habeas action in this Court. *Jenkins v. Mississippi*, 2010 U.S. Dist. LEXIS 29502 (S.D. Miss., Mar. 29, 2010.), civil action no.:

Harrison County Circuit Clerk's office received a "Motion to Dismiss for Lack of Fast and Speedy Trial," from Jenkins which he filed under his arrest report number, 08-003993.[2] (*See* Ex. "B" Attach. Resp. Mot. [8-2] Dismiss 5.) The Harrison County Circuit Court indicted Jenkins for one count of Armed Robbery, one count of Sexual Battery, and one count of Kidnapping on April 6, 2009. (*See* Ex. "A" Attach. Mot. [8-2] Dismiss.) On July 14, 2009, Jenkins was arraigned and the trial was set for September 14, 2009. (*See* Ex. "D" Attach. Mot. [8-2] Dismiss.)

On August 14, 2009, Jenkins filed a "Motion to Quash Indictment." (*See* Ex. "E" Attach. Mot. [8-2] Dismiss.) Respondents submit to this Court that said motion is still pending before the circuit court. (Mot. [8-1] Dismiss 2.) Four days later, on August 18, 2009, Jenkins filed a "Petition to Dismiss Charges for Habeas Corpus in Preconviction," as well as a "Writ of Mandamus Petition to Dismiss Charges for Habeas Corpus in Preconviction." (*See* Exs. "F," "G" Attach. Mot. [8-2] Dismiss.) The trial court, on August 27, 2009, denied Jenkins' habeas petition in preconviction. (*See* Ex. "H" Attach. Mot. [8-2] Dismiss.) The circuit court held that:

> In his petition, Jenkins claims he is "being unlawfully detained" on these charges and asserts he has been deprived of his right to a speedy trial. Jenkins seeks a dismissal for the alleged violation of his right to a speedy trial. The principal function of a writ of habeas corpus is to test the legality of detention prior to conviction. Miss. Code Ann. § 11-43-1; *Nelson v. Hullos*, 323 So.2d 539 (Miss. 1975). Speedy trial rights, evidentiary issues, and a defendant's guilt or innocence are issues for determination at trial, not by a writ of habeas corpus. *Keller v. Romero*, 303 So.2d 481 (Miss. 1974).

---

1:09cv355-HSO-JMR. Plaintiff was indicted on the cocaine possession charge on January 7, 2008 and he posted bond that February, however, he was subsequently rearrested on or about February 25, 2008 for the charges at issue in the present habeas petition. At which point, Jenkins' cocaine possession charge began moving toward a disposition in circuit court. On June 11, 2009, Jenkins filed a habeas petition in this Court based on lack of speedy trial on his possession of cocaine charge. Plaintiff was subsequently convicted of the cocaine charge on September 16, 2009 and sentenced to life imprisonment. Thereafter, Jenkins' petition was dismissed by this Court.

[2]Jenkins' motion was sent to the court prior to an indictment, therefore, it was not filed on the docket until April 23, 2009, after Jenkins' criminal cause number B2402-09-63 was created. (*See* Ex. "C" Attach. Resp. Mot. [8-2].)

*Id.*

Thereafter, on October 13, 2009, Jenkins filed a "Motion for Order to Dismiss Counsel and for Order of Substitute Counsel." (*See* Ex. "I" Attach. Resps.' Mot. [8-2] Dismiss.) Jenkins appealed the circuit court's denial of his habeas petition in preconviction to the Mississippi Supreme Court on October 23, 2009. (*See* Ex. "J" Attach. Resps.' Mot. [8-2] Dismiss.) However, the Mississippi Supreme Court dismissed Jenkins' motion to appeal as untimely on November 24, 2009. (*See* Ex. "K" Attach. Mot. [8-2] Dismiss.)

On December 11, 2009, Jenkins filed the instant Petition for Writ of *Habeas Corpus* in this Court. In his Petition, Jenkins alleges that he was arrested for public drunk on February 25, 2008, and his mugshot photograph was used in a photo line-up in violation of his due process rights. Jenkins claims this photograph led to him being identified by a victim and charged with armed robbery, sexual battery, and kidnaping the following day. Jenkins, in his Petition, claims he remains incarcerated pursuant to the armed robbery, sexual battery, and kidnaping charges in violation of his speedy trial rights. (*See* Pet. [1-1].) Also, Jenkins asserts that he was denied counsel during the photograph lineup and that he was denied effective counsel once an attorney was appointed represent him. *Id.* Accordingly, Jenkins requests that Respondents "grant [his] immediate release from custody" and punitive damages. (Pet. [1-1] 14.)

Respondents filed the present Motion [8-1] to Dismiss on February 8, 2010, claiming that Jenkins' Petition should be dismissed for failure to state a claim upon which relief can be granted. Specifically, Respondents claim that Jenkins is clearly seeking to abort a state proceeding in pursuing dismissal of his pending criminal charges, and thus, habeas relief is not an available remedy. On April 1, 2010, Jenkins filed a response to Respondents' motion to dismiss. (*See* Resp. [13-1].)

## ANALYSIS

As of the date he filed his Petition, Jenkins was merely awaiting trial on the charges at issue, and had not yet been convicted and sentenced for the crimes. Although Jenkins is in custody pursuant to the judgment of a state court, i.e. his prior felony conviction for possession of cocaine, he is not attacking the state court judgment. Rather, he is seeking release from the pending state criminal proceedings against him. Accordingly, Jenkins' Petition must be considered pursuant to 28 U.S.C. § 2241. *See Dickerson v. State*, 816 F.2d 220, 224 (5th Cir. 1987) ; *Robinson v. Wade*, 686 F.2d 298, 302-03 n.8 (5th Cir. 1982).

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, and "one who seeks only to enforce the state's obligation to bring him promptly to trial," *Id.* at 490 (citing *Smith v. Hooey*, 393 U.S. 374 (1969)). The United States Court of Appeals for the Fifth Circuit held that the distinction is based on the type of relief requested by the petitioner. *See Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly function of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state

to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id.* at 1283.

In his original Petition [1-1], Brief in Support [4-1], and response [13-1] to Respondents' motion to dismiss, Jenkins does not request that the state fulfill its obligation to provide him with a prompt and speedy trial, but rather requests that his state criminal charge for armed robbery, sexual battery, and kidnapping be dismissed and he be released from custody. (Pet. [1-1] 14; Brief [4-1] 7; Resp. [13-1] Mot. Dismiss 18.) In his Petition, Jenkins seeks his immediate release from custody and punitive damages. (Pet. [1-1] 14.) In his brief in support, Jenkins requests the Court "to dismiss [the] indictments, dismiss all charges, and vacate any sentence..." (Mem. [4-1] Brief 7.) Furthermore, in his response to the motion to dismiss, Jenkins "request[s] that [the] indictment be dismissed [and] charges vacated or dismissed with prejudice and damages be complisated [sic] according to the request on the Habeas Corpus Form and whatever else the court deem fit for punitive damages." (Resp. [13-1] Mot. Dismiss 18.) As such, Jenkins is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-09. Furthermore, Jenkins has failed to present any argument that the particulars of his incarceration constitute "special circumstances" which warrant disposition of the State's judicial process. In response to Respondents' motion to dismiss, Jenkins claims that a violation of speedy trial and due process rights warrant special circumstances. (Resp. [13-1] 5.) However, the Fifth Circuit has held that the Sixth Amendment right to a speedy trial was not a *per se* "special circumstance." *See Dickerson*, 816 F.2d at 226. The Court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant

disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. at 227. Accordingly, Jenkins' petition must be dismissed for failure to state a claim upon which habeas relief may be granted.

Assuming, *arguendo*, that Jenkins' Petition seeks to force the state to go to trial, the Court finds that his Petition must be dismissed for failure to exhaust state remedies. The Fifth Circuit has previously addressed the exhaustion requirement under section 2241, stating:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court **or by other state procedures available to the petitioner**.

*Id.* at 225 (emphasis added) (citations omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose v. Lundy*, 455 U.S. 509, 523, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Further, as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

A review of the record indicates that, Jenkins filed a preconviction habeas petition in trial court on August 18, 2009, which was subsequently denied on August 28, 2009. (*See* Exs. "F," "H"

Attach. Mot. [8-2] Dismiss.) Jenkins did not appeal the trial court's denial of his habeas petition until October 23, 2009, and thus, the Mississippi Supreme Court dismissed Jenkins' appeal as untimely. (*See* Ex. "K" Attach. Mot. [8-2] Dismiss.) Therefore, the Court finds that Jenkins' claims are procedurally barred, as they were never properly presented to the state's highest court. Jenkins had until September 28, 2009 to appeal the trial court's denial. *See* MISS.R.APP.P. 4. However, Jenkins did not appeal the trial court's decision until October 23, 2009, and the appeal was ultimately dismissed as untimely. As such, the Court finds that Jenkins did not properly present his claims to the state's highest court, and therefore, did not "give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 840-41 (1999). Therefore, Jenkins' Petition should be dismissed for failure to exhaust state court remedies.

The Court also notes that to the extent Jenkins has attempted to raise ineffective assistance of counsel claims, such claims are not appropriately before this Court. These issues can be raised in a collateral attack on his conviction pursuant to 28 U.S.C. § 2255 - but not now. The Fifth Circuit has held that a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal. *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)).

Jenkins filed the present Petition for federal habeas relief on December 11, 2009. However, the record indicates that Jenkins' case has been steadily moving toward a resolution. Jenkins was arraigned on the charges at issue on July 14, 2009, just five months prior to the filing of the present petition. There is presently a motion to quash the indictment pending before the trial court. The Court notes that Jenkins was tentatively scheduled to stand trial on September 14, 2009. (*See* Ex. "D" Attach. Mot. [8-2] Dismiss.) For reasons not entirely clear in the record, Jenkins did not go to

trial on September 14, 2009 for the charges at issue in the instant Petition, however, the Court does note that Jenkins did stand trial on September 16, 2009 for an unrelated possession of cocaine charge, in which he was subsequently convicted and sentenced to life imprisonment. *Jenkins v. Mississippi*, 2010 U.S. Dist. LEXIS 29502 (S.D. Miss., Mar. 29, 2010.). Following that conviction, Jenkins filed a motion to dismiss his appointed counsel on the present armed robbery, sexual battery, and kidnaping charges, and Jenkins requested that he be appointed new counsel. (*See* Ex. "I" Attach. Mot. [8-2] Dismiss.) That motion, as well as Jenkins' motion to quash the indictment, are currently pending before the trial court.

## **RECOMMENDATION**

As of the date Jenkins filed his petition, he had not yet been convicted or sentenced for any of the crimes at issue in the instant petition. In his Petition for federal habeas relief, Jenkins alleged that Harrison County had failed to provide him with Due Process. However, Jenkins' Petition sought dismissal of the pending state charges rather than to force the State to fulfill its obligation to provide him with a prompt trial. Accordingly, Jenkins' petition should be dismissed for failure to state a claim upon which habeas relief may be granted, or in the alternative, for failure to exhaust available state remedies.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from

attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

    THIS the   11th   day of August, 2010.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE
