IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT L. JENKINS**                                                                      **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 1:09cv806HSO-JMR**

**STATE OF MISSISSIPPI, ET AL.**                                              **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER
### ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's Objection [16-1] to the Report and Recommendation of Chief United States Magistrate Judge John M. Roper [14-1] entered in this cause on August 11, 2010. Also before the Court is the Respondent's Motion to Dismiss [8-1] Robert Jenkins's ["Jenkins"] *habeas corpus* Petition based upon a failure to state a claim upon which *habeas* relief may be granted. The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, and the positions advanced in the Motion and Objection, and concludes that Jenkins has failed to state a proper claim under 28 U.S.C. § 2254. Respondent's Motion should therefore be granted.

### I. BACKGROUND

The undersigned incorporates by reference the thorough procedural history set forth in the Report and Recommendation and will utilize certain dates therein to expound upon Respondents' Motion and Jenkins's Objection. Jenkins filed his Petition on December 11, 2009, while he was a Harrison County inmate, seeking dismissal of all state criminal charges against him on the grounds of alleged violations of his right to a speedy trial, his due process rights, and his right to

effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *See* Habeas Pet. at pp. 6, 9 10. Prior to Jenkins's conviction and sentence on the underlying state charges, Respondents filed their Motion to Dismiss. Thus, at the time Respondents filed their Motion, Jenkins's criminal charges for possession of a controlled substance were still pending. Jenkins was convicted and sentenced on these charges on September 16, 2009. *See* Harrison County Circuit Court Final Judgment att. as Ex. "3" to Petitioner's Obj. On April 1, 2010, after he was sentenced, Petitioner filed his Response in Opposition to Respondents' Motion to Dismiss [13-1].

## II. ANALYSIS

At the outset, this Court agrees that Jenkins's Petition is properly considered pursuant to 28 U.S.C. § 2241, as Jenkins was a pretrial detainee at the time the Petition was filed. "[F]ederal courts should abstain from the exercise of [jurisdiction under § 2241] if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987).

It is not clear from Jenkins's Petition whether the relief he sought was for the Court to "dismiss [the] indictment or otherwise prevent a prosecution," or to "force the state to go to trial." *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Dickerson,* 816 F.2d at 226 (*citing Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976)). "'While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of

exhaustion of state remedies still must be met.'" *Dickerson,* 816 F.2d at 226 (*quoting Brown,* 530 F.2d at 1283 (5th Cir. 1976)). "[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." *Id.* at 226.

In his Objection, however, Jenkins clearly states that he "is challenging the charges which are <u>pending</u> in the Second Judicial District of the Circuit Court of Harrison County, Mississippi." Obj. at p. 3 (emphasis added). Because Jenkins is seeking dismissal of the indictment and/or to otherwise prevent a prosecution, he cannot obtain relief through a pretrial *habeas corpus* petition. Moreover, since the filing of his Petition, Jenkins has been adjudicated guilty of the offenses at issue in the Petition. Therefore, the Court concludes that because Jenkins has been convicted and is no longer in pretrial detention, his Petition for dismissal of the charges is moot. *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 2009).

If Jenkins's pretrial Petition was aimed at forcing the state to go to trial, then he was required to first exhaust his state remedies. As noted above, on September 16, 2009, Jenkins was sentenced on the charges which are the subject of this Petition. To the extent that Jenkins sought to force the state to go to trial on these charges, his Petition is now moot and should be dismissed. *Dickerson*, 816 F.2d at 226; *see also Stewart v. Cain,* 71 F.3d 879 (5th Cir. 1995); *Pannell v. Prentiss County,* 2010 WL 481017, *2 (N.D. Miss. Feb. 4, 2010).

In his Objection to the Magistrate's Report and Recommendation, Jenkins

argues that he "is being unlawfully detained on these charges and asserts he has been deprived of his right to a speedy trial." Obj., at p. 4. Finally, Jenkins argues that he has fulfilled the exhaustion requirement because "his motions were never . . . set for hearing." *Id.* at p. 16. However, these efforts occurred prior to the judgment of conviction by the state court.

This Court, when considering alleged speedy trial violations, must distinguish between "a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976). The Fifth Circuit has further expounded on this concept:

> This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* at 1283 (citations omitted). In sum, the Court finds that based on the record, Jenkins is no longer a pretrial detainee. Therefore, his Petition is rendered moot and Respondents' Motion should be granted. *See id.* at 1280.

Jenkins also raises ineffective assistance of counsel claims on the part of Charlie Stewart and Dana Christensen, his counsel during the criminal proceedings which are the subject of his Petition. *See* Obj., at p. 16. As correctly noted by the Magistrate Judge, *see* Report and Recommendation at p. 7, the Fifth Circuit has held that "a

4

criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal," *Fassler v. United States,* 858 F.2d 1016, 1019 (5th Cir.1988)(*citing Jones v. United States,* 453 F.2d 351, 352 (5th Cir.1972)).  Thus, to the extent that Jenkins's Petition could be construed as a post-conviction challenge, he may not collaterally attack claims pertaining to his state criminal trial prior to exhausting these claims in the state court system.  *See id.; see also United States v. Hubbard,* 234 Fed. App'x 231, 232 (5th Cir. 2007); *Hensler v. Deatley,* 77 F.3d 476 (5th Cir. 1995)("criminal defendant may not collaterally attack a conviction until the conviction has been affirmed on appeal.").  His Petition should be dismissed for this reason as well.

### III. CONCLUSION

After conducting a *de novo* review, the Court finds no grounds to overturn the Report and Recommendation, and further finds that the Report and Recommendation of Chief Magistrate Judge John M. Roper, entered on or about August 11, 2010, should be adopted as the finding of this Court.  The Court further concludes that the Report and Recommendation correctly found that Respondents' Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Robert Jenkins's Objection [16-1] to the Report and Recommendation entered in this cause on August 30, 2010, should be, and hereby is, **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [14-1] of Chief Magistrate Judge John M. Roper entered on August

5

11, 2010, should be and hereby is adopted as the findings of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents' Motion to Dismiss [8-1] should be and hereby is **GRANTED**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 29th day of September, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE